UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:12-CV-22589-WILLIAMS

LEXI NORTH BAY, LLC,

L.T. Case No. 10-03582-BKC-AJC

    Appellant,

vs.

LEXI DEVELOPMENT COMPANY, INC.
and GREAT FLORIDA BANK,

    Appellees.
_____/

## NOTICE OF APEAL

Lexi Development Company, Inc. (the **"*Debtor*"**), appellee in the above-captioned case, appeals to the United States Court of Appeals for the Eleventh Circuit from the *ORDER* [ECF No. 28] (attached as **Exhibit A**) (the **"*Order*"**), a final order of the United States District Court for the Southern District of Florida exercising appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1), entered on September 18, 2014, which reversed the June 1, 2012 Final Judgment of the United States Bankruptcy Court for the Southern District of Florida and remanded this matter for further proceedings. The other parties to the Order from which the appeal is taken, and the parties' respective attorneys, are as follows:

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

| **Lexi North Bay, LLC**<br>*Represented by:*<br>GUNSTER YOAKLEY & STEWART, P.A.<br>Raymond V. Miller, Esq.<br>Laura L. Fortney Gross, Esq.<br>Michael B. Green, Esq.<br>Brickell World Plaza<br>600 Brickell Avenue<br>Suite 3500<br>Miami, Florida 33131<br>305.376.6048 (p)<br>305.376.6010 (f)<br>rmiller@gunster.com<br>lgross@gunster.com<br>mgreen@gunster.com | **Great Florida Bank**<br>*Represented by:*<br>FRIEDMAN & FROST, P.L.<br>Paul D. Friedman, Esq.<br>Sabadell Financial Center<br>1111 Brickell Avenue, Suite 2050<br>Miami, Florida 33131<br>305.377.4100 (p)<br>305.377.4103 (f)<br>paul@friedmanfrost.com<br><br>--and--<br><br>KOZYAK TROPIN & THROCKMORTON<br>David Lee Rosendorf, Esq.<br>2525 Ponce de Leon Boulevard<br>Suite 900<br>Coral Gables, FL 33134-6036<br>305.372.1800 (p)<br>305.372.3508 (f)<br>dlr@kttlaw.com |
|---|---|

       Respectfully submitted,

       s/Peter D. Russin
       Peter D. Russin, Esquire
       Florida Bar No. 765902
       prussin@melandrussin.com
       Joshua W. Dobin, Esquire
       Florida Bar No. 93696
       jdobin@melandrussin.com
       Eric Ostroff
       Florida Bar No. 10130
       eostroff@melandrussin.com
       MELAND RUSSIN & BUDWICK, P.A.
       3200 Southeast Financial Center
       200 South Biscayne Boulevard
       Miami, Florida  33131
       Telephone: (305) 358-6363
       Telecopy: (305) 358-1221

       *Attorneys for the Debtor*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on October 16, 2014, on all counsel or parties of record as designated on the Service List below.

s/Peter D. Russin
Peter D. Russin, Esquire

# SERVICE LIST
*Lexi North Bay, LLC v. Lexi Development Company, Inc., et al.*
Case No. 1:12-CV-22589-WILLIAMS
United States District Court, Southern District Of Florida

**Via CM/ECF:**

Laura Lynn Fortney Gross
lgross@gunster.com
Raymond V. Miller, Esq.
rmiller@gunster.com
Gunster Yoakley & Srewart, PA
One Biscayne Tower
2 South Biscayne Blvd.
Suite 3400

*Attorneys for Appellant Lexi North Bay, LLC*

Paul D. Friedman
paul@friedmanfrost.com
1111 Brickell Avenue
Suite 2050
Miami, FL 33131

--and--

David L. Rosendorf, Esq.
dlr@kttlaw.com
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134

*Attorneys for Appellee Great Florida Bank*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-22589-CIV-WILLIAMS

IN RE:

LEXI DEVELOPMENT COMPANY, INC.,

    Debtor.
_____/

LEXI NORTH BAY, LLC,

    Appellant,

vs.

LEXI DEVELOPMENT COMPANY, INC.
and GREAT FLORIDA BANK,

    Appellees.
_____/

## ORDER

**THIS MATTER** is before the Court upon the Initial Brief of Creditor/Appellant Lexi North Bay, LLC (DE 8, "North Bay Br."), to which Debtor/Appellee Lexi Development Company, Inc. filed a Response (DE 11, "Lexi Resp."), Creditor/Appellee Great Florida Bank filed a Response (DE 12, "GFB Resp."), Lexi North Bay, LLC filed Replies (DE 16, "North Bay Reply to Lexi," DE 17, "North Bay Reply to GFB"), and the parties filed Notices of Supplemental Authority (DE 20, 23, 24). The Court heard oral argument on the briefs on February 3, 2014.

Lexi North Bay, LLC ("North Bay") appeals the June 1, 2012, Final Judgment of the United States Bankruptcy Court (DE 2-11 at 53-55), which followed that Court's

1

entry of an Order on May 4, 2012, (DE 2-11 at 20-31, "Bankr. Order") denying North Bay's Motion for Summary Judgment and granting in part summary judgment in favor of Lexi Development Company, Inc. ("Lexi") and Great Florida Bank ("GFB").  At issue in this appeal is whether North Bay is entitled to default interest under a secured loan made to Lexi after Lexi defaulted on the loan.

I.  BACKGROUND

A.  Loan Agreements, Intercreditor Agreements, Default and Bankruptcy

In December 2005, a group of banks that included Regions Bank loaned Lexi $56 million, and the loan was secured by a mortgage on Lexi's condominium project (the "Property") in North Bay Village, Florida. (Bankr. Order at 3.) The Loan Agreement provided that, in the event of default, Regions Bank was entitled to collect default interest at the rate of 25% from the date of default. (Bankr. Order at 8.)  Also in December 2005, Allen and Jill Greenwald (the "Greenwald Lenders")—parents of Lexi's principal, Scott Greenwald—provided an additional $6 million in financing to Lexi by way of a Mezzanine Loan secured by a pledge of equity interests in Lexi. (Bankr. Order at 3.)  Contemporaneously, Regions Bank and the Greenwald Lenders entered into an Intercreditor Agreement noting the senior lender position of Regions Bank and the junior lender position of the Greenwald Lenders. (Bankr. Order at 3.)  Among other things, the Intercreditor Agreement provided that, in the event that Regions Bank notified Lexi of a default on the senior loan, Regions Bank was to concurrently provide written notice to the Greenwald Lenders, who had the right to cure the default within ten days of notice of

2

default.  (Bankr. Order at 3.)  Upon receipt of the default notice, the Greenwald Lenders also had the right to purchase the Regions loan.  (Bankr. Order at 3-4.)

In June 2008, after Regions Bank sent a notice of default for non-payment to Lexi, Regions Bank and Lexi entered into a Modification Agreement whereby Lexi was required to place an additional $2 million in a reserve collateral account in consideration for Regions Bank's agreement to extend the loan's maturity date to April 2009.  (Bankr. Order at 4.)  GFB advanced the Greenwald Lenders $2 million to fund the reserve collateral account in exchange for the collateral assignment of the Mezzanine Loan, now totaling $8 million, from the Greenwald Lenders to GFB.  (Bankr. Order at 4.)  At the same time, Regions Bank executed an addendum to the Intercreditor Agreement, called a Letter Agreement, recognizing the collateral assignment of the junior debt from the Greenwald Lenders to GFB and granting GFB the same right to written notice of default from Regions Bank and the same right to cure the default or purchase the senior loan.  (Bankr. Order at 4.)

In October 2008, Regions Bank sent a notice of default for non-payment to Lexi and provided a copy of the notice to the Greenwald Lenders, but not GFB.  (Bankr. Order at 4.)  Regions Bank sent three more notices of default to Lexi, but not GFB, in November and December 2008.  (Bankr. Order at 5.)  In January 2009, Regions Bank sold the Regions Loan to North Bay at a discount (as a defaulted loan), and North Bay unequivocally assumed all of Regions Bank's rights and obligations under the Loan, the Intercreditor Agreement and the Letter Agreement.  (Bankr. Order at 6-7.)

3

In June 2009, North Bay instituted foreclosure proceedings against Lexi in Florida state court, seeking damages including the acceleration of all payments due on the Regions loan and default interest accruing since December 2008. (Bankr. Order at 7.) The state court denied GFB's motion to intervene in the foreclosure proceedings, and GFB filed a separate action against North Bay and Regions Bank seeking money damages and the imposition of an equitable lien for failing to timely notify GFB in writing of Lexi's default on the Regions Loan, as required by the Intercreditor Agreement and the Letter Agreement. (Bankr. Order at 7.)

In June 2010, Lexi filed a voluntary Chapter 11 petition in the United States Bankruptcy Court. (Bankr. Order at 7.) In September 2010, as part of the bankruptcy proceedings, Lexi commenced an adversary proceeding against North Bay and GFB seeking a declaration as to the validity, priority and extent of their liens on the Property. (Bankr. Order at 7.) As in the state court proceeding, North Bay seeks the amount left payable on the Regions Loan and default interest from December 2008 onward. (Bankr. Order at 8.) GFB seeks the imposition of an equitable lien on the Property due to Regions Bank's failure to timely provide written notice of Lexi's default on the Regions Loan. (Bankr. Order at 8.) GFB's representative has testified that, had GFB timely received copies of the notices of default, GFB would have been able to cure the defaults and/or purchase the Regions Loan, and default interest would not have accrued. (Bankr. Order at 7.)

4

## B. Bankruptcy Order on Cross-Motions for Summary Judgment

In his Order denying North Bay's Motion for Summary Judgment and granting in part GFB's and Lexi's Motions for Summary Judgment, the Bankruptcy Court found that it was undisputed that North Bay assumed all of Regions Bank's rights and obligations under the Intercreditor Agreement and Letter Agreement, and that North Bay failed to timely provide notice to GFB of Lexi's default on the Regions Loan, as required by those Agreements. (Bankr. Order at 9-11.) The Bankruptcy Court refused to find that GFB's potential actual knowledge of Lexi's default on the Regions Loan made any difference, because the "Intercreditor Agreement unequivocally required Regions to provide GFB with notice 'concurrently' with providing notice to Lexi," and, in any case, GFB's actual knowledge of the defaults was "admittedly acquired several months after the default notices were sent to Lexi." (Bankr. Order at 9.) The Bankruptcy Court also noted that "GFB's representative Marcus Buerosse attests, without contradiction, that had GFB timely received copies of the notices of default from Regions to North Bay, GFB would have been able to take steps to protect its interest in the Property, including curing the defaults and/or purchasing the Regions Loan at the contractual non-default interest rate." (Bankr. Order at 7.)

The Bankruptcy Court concluded that "North Bay may not recover default interest under the Regions Loan secured by the Property, and that interest accruing on the outstanding balance of the Regions Loan shall be calculated solely at the contractual non-default interest rate." (Bankr. Order at 11.) The Bankruptcy Court further concluded, "[i]f the Court were to allow North Bay to receive default interest, the Court

5

will have sanctioned the breach of the Intercreditor Agreement which had as its very purpose the protection of GFB's position by requiring that GFB receive the notices of default and have an opportunity to cure." (Bankr. Order at 9.)

Finally, the Bankruptcy Court reasoned that its conclusion with respect to default interest made GFB's claim for an equitable lien on the Property moot. (Bankr. Order at 12.) The Court found that, if the requirement for default interest to be paid to North Bay were removed, the Property retained sufficient value to pay GFB and fully satisfy the terms of the junior loan. (Bankr. Order at 11-12.)

## II.   LEGAL STANDARDS

In examining the Bankruptcy Court's decision, its factual findings "are reviewed under the limited and deferential clearly erroneous standard." *Club Assocs. v. Consol. Capital Realty Investors (In re Club Assocs.)*, 951 F.2d 1223, 1228 (11th Cir. 1992) (citations omitted). If the Bankruptcy Court's factual findings "are silent or ambiguous as to an outcome determinative factual question, the district court . . . must remand the case to the bankruptcy court for the necessary factual determination." *Id.* (internal quotation and citation omitted).

The Bankruptcy Court's legal conclusions are reviewed *de novo. Id.* (citations omitted). On appeal, this Court is to "freely examine[ ] the applicable principles of law to see if they were properly applied and freely examine[ ] the evidence in support of any particular finding to see if it meets the test of substantiality." *Id.* at 1228-29 (citations omitted). In particular, "a bankruptcy court's interpretation of unambiguous contractual

6

language is a legal determination subject to de novo review." Id. at 1229 (citations omitted).

### III. ANALYSIS

North Bay raises three issues on appeal: (1) whether the Bankruptcy Court erred in ruling that North Bay was not entitled to default interest under the terms of the Regions Loan; (2) whether the Bankruptcy Court erred when it found that GFB's actual notice of Lexi's default was immaterial to the determination of the validity, priority and extent of liens on the Property; and (3) whether the Bankruptcy Court erred when it concluded that GFB did not contractually waive its right to contest the validity, priority and extent of North Bay's lien. (North Bay Br. at 1.) The Court addresses these in turn.

#### A. Default Interest under the Terms of the Regions Loan

North Bay first argues that, based on the Intercreditor Agreement and Letter Agreement, to which Lexi was not a party, the Bankruptcy Court improperly ignored the unambiguous, express terms of the Regions Loan Agreement providing for the payment of default interest to North Bay upon default by Lexi. (North Bay Br. at 9-19.) In response, Lexi and GFB essentially argue what the Bankruptcy Court concluded: North Bay is not entitled to default interest under the Regions Loan Agreement because that default interest would not have accrued but for North Bay's breach of the Intercreditor Agreement and Letter Agreement.[1] (Lexi Resp. at 10-15; GFB Resp. at 10-13.)

---

[1] The Court finds no merit to Lexi's and GFB's argument that North Bay did not preserve this issue for appeal. (Lexi Resp. at 9-10; GFB Resp. at 11.) As North Bay points out, the issue was central to the Bankruptcy Court's determination of the validity, priority and extent of the liens and whether North Bay was entitled to default interest. (See North Bay Reply to Lexi at 1-3.)

7

Section 502 of the Bankruptcy Code provides the guidelines for the allowance of claims or interests in a bankruptcy proceeding. 11 U.S.C. § 502. Section 502(b)(1), the only exception cited by the parties as potentially relevant to this proceeding, provides that a claim is disallowed if, under applicable law, it is unenforceable against the debtor. 11 U.S.C. § 502(b)(1). The claims and interests of a creditor—here, North Bay—in a bankruptcy arise first from the substantive law under which the obligation of the debtor—here, Lexi—was created, subject to any qualifying provisions in the Bankruptcy Code. See Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000).

Lexi's obligation to North Bay was formalized in the Regions Loan Agreement; a contract that the parties concede is governed by Florida law. (See, e.g., North Bay Br. at 10; Lexi Resp. at 15; GFB Resp. at 12-13.) The parties cite no provision of the Bankruptcy Code that would operate to qualify the application of Florida law to the interpretation and enforcement of the terms of the Regions Loan Agreement. See Raleigh, 530 U.S. at 20. Under Florida law, "a court cannot alter the clear terms of a contract, and by doing so place the parties in a position different from that which they bargained for." So. Carolina Ins. Co. v. Heuer, 402 So. 480, 481 (Fla. 4th DCA 1981).

The Regions Loan Agreement unambiguously provided for the payment of default interest by Lexi upon default on the Regions Loan—another proposition the parties do not dispute. In Smiley v. Manufactured Housing Associates III L.P., cited by North Bay, the Florida District Court of Appeal concluded that the trial court had erred in deciding to deny a lender default interest because the lender had breached a separate covenant in the contract. 679 So. 2d 1229, 1231-32 (Fla. 2d DCA 1996). There the

8

court held that "the trial court is not at liberty to modify the terms of the note and mortgage that are unambiguous and undisputed," and, under Florida law, "the trial court was without authority to modify the terms of the notes and mortgage by failing to give effect to the default rate provision." *Id.* at 1232. For their part, Lexi and GFB cite no case to support the proposition that a default interest provision in a contract may be equitably set aside under Florida law. Indeed, Florida law "is well settled that one cannot invoke equity jurisdiction where there is an adequate remedy at law." *Zuckerman v. Alex Hofrichter, P.A.*, 630 So. 2d 210, 211 (Fla. 3d DCA 1994); *see also Hallmark Mfg. Inc. v. Lujack Construction Co.*, 372 So. 2d 520, 522 (Fla. 4th DCA 1979).

In a similar, albeit not identical, situation, another Southern District of Florida bankruptcy court considered whether the bankruptcy court should refrain from enforcing a default interest provision in a loan agreement because the rate of interest was akin to a penalty. *In re Sundale, Ltd.*, 410 B.R. 101, 102 (Bankr. S.D. Fla. 2009). Citing Florida law for the propositions that a loan document may validly provide for the payment of default interest upon default and that a trial court may not alter that contractual right based on equitable considerations, the court concluded that the lender was entitled to collect default interest under the loan agreement in the bankruptcy proceeding. *Id.* at 105-06; *see also In re Basil Partners, LLC*, No. 9:11-bk-19510-FMD, 2013 WL 3209481, at *25 (Bankr. M.D. Fla. 2013) (agreeing with and applying the *Sundale* decision in a similar context).

9

Here, it is undisputed that the Regions Loan Agreement unambiguously provided for the payment of default interest upon default by Lexi, that the Agreement is governed by Florida law, that Lexi defaulted on the loan, and that North Bay assumed the rights and obligations of Regions Bank under the Agreement. Under the terms of the Regions Loan Agreement, then, North Bay is entitled to collect default interest, and the inquiry should have ended there. Lexi was not a party to the Intercreditor Agreement or Letter Agreement[2] between Regions/North Bay and the Greenwald lenders/GFB, and the Bankruptcy Court erred in interpreting these Agreements to vitiate the express terms of the Regions Loan Agreement with Lexi.[3]

### B. North Bay's Other Arguments Related to the Intercreditor Agreement

On appeal, North Bay also raises questions about Regions Bank's alleged breach of the Intercreditor Agreement and Letter Agreement—that is, whether GFB had actual notice of Lexi's default on the Regions Loan (North Bay Br. at 19-21), the amount of damages incurred by GFB for any breach of the Agreements (North Bay Br. at 21-23), and whether GFB waived any right to challenge North Bay's lien on the Property in the Agreements (North Bay Br. at 23-25). Because the Court concludes that the

---

[2] North Bay points out that Lexi is also not a third party beneficiary to these Agreements. (North Bay Br. at 11-13.) The Court finds no evidence that Lexi is an intended third party beneficiary—indeed the Agreements expressly state that Lexi is not—and, in any case, no party argues on appeal that Lexi is an intended third party beneficiary. (*See* Lexi Resp. at 16.)

[3] While recognizing that the Bankruptcy Court ignored the express terms of the Regions Loan Agreement, Lexi and GFB argue, ineffectually, that the Bankruptcy Court did not enter equitable relief in denying North Bay's claim for default interest pursuant to the contract. (Lexi Resp. at 10-14; GFB Resp. at 11-12.) Clearly, the ruling awarded equitable relief, and such relief is not supported by 11 U.S.C. § 502(b) or governing Florida law. See *In re Sundale*, 410 B.R. at 105-06.

10

express provisions of the Regions Loan Agreement entitle North Bay to default interest, and that the debtor in this bankruptcy proceeding, Lexi, was not a party to the Agreements, these questions need not be addressed in this appeal. They are, however, critical issues for any action between GFB, Regions Bank and North Bay on the alleged breach of the Agreements.

### IV. CONCLUSION

For the foregoing reasons, the June 1, 2012, Final Judgment of the United States Bankruptcy Court (DE 2-11 at 53-55), which followed that Court's entry of an Order on May 4, 2012, (DE 2-11 at 20-31) denying Lexi North Bay, LLC's Motion for Summary Judgment and granting in part summary judgment in favor of Lexi Development Company, Inc. and Great Florida Bank, is **REVERSED**. Lexi North Bay, LLC is entitled to obtain default interest from Lexi Development Company, Inc. under the terms of the Regions Loan Agreement.

This case is **REMANDED** for further proceedings consistent with this opinion.

The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers in Miami, Florida, this 17 day of September, 2014.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

11